IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VASILIY ARTEMOVICH BLAGODARSKIY et al. | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. ADC-21-1962 |
| vs. | * | |
| | * | |
| ALEXANDER DIAMOND | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs Vasiliy Artemovich Blagodarskiy and Michael Lawrence Gleaner ("Plaintiffs") brought this action against Defendant Alexander Diamond ("Defendant"). ECF No. 1 ("the Complaint"). Defendant, appearing *pro se*, filed an Answer. ECF No. 14. The Court Ordered the parties to brief the issues of jurisdiction and venue, and both parties submitted briefs. ECF Nos. 18–20. Accordingly, this matter is now fully briefed. After considering the parties' filings, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, the Court construes Defendant's filings as a Motion to Dismiss for lack of personal jurisdiction. As such, Defendant's Motion is hereby GRANTED, and this case is DISMISSED.

## BACKGROUND

On August 4, 2021, Plaintiffs filed the Complaint in this Court invoking diversity jurisdiction and alleging breach of contract, libel, and tortious interference with contract.[1] ECF

---

[1] Plaintiffs initially assert that jurisdiction is conferred by 15 U.S.C. § 1692k(d). ECF No. 1 ¶ 1. It is not clear how a statute on abusive, deceptive, or unfair debt collection practices confers jurisdiction to this Court based on Plaintiffs' claims. As such, the Court will interpret the basis of the claims as diversity jurisdiction. *See* ECF No. 1 ¶ 2.

No. 1. Defendant filed an Answer on September 24, 2021, contending that this Court lacked "Subject Matter Jurisdiction" over this claim because, *inter alia*, he lives in New York and has never conducted business in Maryland. ECF No. 14 ¶ 3. On October 13, 2021, the Court Ordered *sua sponte* that Plaintiffs and Defendant were to brief the issues of jurisdiction and venue, with Plaintiffs addressing why jurisdiction and venue exist in the District of Maryland. ECF No. 18. Both parties briefed the issues. ECF Nos. 19, 20.

DISCUSSION

### A. Standard of Review

The pleadings of *pro se* litigants are to be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *BidZirk, LLC v. Smith*, No. CIVA 6:06-00109 HMHW, 2007 WL 626161, at *1 (D.S.C. Feb. 23, 2007). "What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate" his claims. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978). Where a "liberal construction of [Defendant's] *pro se* filing supports an inference that [he] was attempting to make a motion to dismiss," the Court may construe Defendant's filing as such a motion. *LHF Prods., Inc. v. Fogg*, No. 1:16CV1050, 2017 WL 10978801, at *1 n.1 (M.D.N.C. June 30, 2017) (citing *Estelle*, 429 U.S. at 106).[2]

---

[2] Even assuming that Defendant intended to file a counterclaim in his Answer, *see* ECF No. 14 ¶ 8, the Court is not convinced that it constituted a waiver of a personal jurisdiction objection. A number of courts dealing with this issue concluded that they could reach the merits of a personal jurisdiction objection in light of the defendant's *pro se* status and clear objection to the court's jurisdiction. *See Internet Archive v. Shell*, No. C 06-00397 JSW, 2006 WL 1348559, at *1 (N.D.Cal. May 17, 2006); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F.Supp.2d 222, 234 (D.Conn. 2001). The Court applies the same reasoning here where Defendant has clearly objected to this Court's jurisdiction.

2

Defendant's Answer and further briefing raises the defense he characterizes as "Subject Matter Jurisdiction," yet refers to his New York residence and the fact that he "has never conducted business in the State of Maryland." ECF No. 14 ¶ 3; ECF No. 20 ¶¶ 2–3. While Defendant may "not recognize the legal distinction" between an objection to subject matter jurisdiction and an objection to personal jurisdiction, his filings make clear that he contests the Court's power to resolve the dispute. *See* ECF No. 20 ¶ 1 ("[T]here is no basis for this lawsuit to continue in this court or in any federal court, and it should be dismissed for lack of subject matter jurisdiction."); *see also Internet Archive v. Shell*, No. C 06-00397 JSW, 2006 WL 1348559, at *1 (N.D.Cal. May 17, 2006). Accordingly, the Court may construe the Defendant's argument as a motion to dismiss for lack of personal jurisdiction. *See id.*

Defendant may seek dismissal of an action by objection on the basis of lack of personal jurisdiction under Rule 12(b)(2). A Rule 12(b)(2) motion to dismiss challenges the Court's authority to exercise jurisdiction over Defendant. *Trimgen Corp. v. Iverson Genetic Diagnostics, Inc.*, No. CIV.A. RDB-14-2850, 2015 WL 2165118, at *2 (D.Md. May 7, 2015) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)). Defendant waives the defense if he fails to raise it in either a pre-answer motion or, if no such motion is filed, in his answer. *See* Fed.R.Civ.P. 12(h)(1)(B); *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991); *JTH Tax, Inc. v. Citone*, No. 2:09CV566, 2010 WL 11566057, at *2 (E.D.Va. June 1, 2010). "[T]he jurisdictional question thus raised is one for the judge, with the burden on [Plaintiffs] ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs*, 886 F.2d at 676 (citations omitted); *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). However, when the Court decides an issue of personal jurisdiction by motion, Plaintiffs need only "make a prima facie showing of personal jurisdiction." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers,*

3

*Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (quoting *Combs*, 886 F.2d at 676); *Grayson*, 816 F.3d at

268. Further, the Court must make all reasonable inferences in Plaintiffs' favor in reviewing the

motion. *Carefirst*, 334 F.3d at 396.

### B. Personal Jurisdiction

Defendant seeks dismissal of Plaintiffs' Complaint contending that this Court lacks

personal jurisdiction over him. Defendant asserts that he has "never in any manner conducted

business in the State of Maryland," he resides in New York, and he has not physically been to

Maryland in years. ECF No. 20 ¶¶ 3–4. Plaintiffs, in turn, contend that Defendant waived the

personal jurisdiction requirement by consent because he failed to raise a jurisdiction argument in

his responsive pleading. ECF No. 19 at 2–3.

The Court may exercise personal jurisdiction over a party where: (1) jurisdiction is

authorized by the forum state's long-arm statute; and (2) the exercise of personal jurisdiction

comports with the requirements of constitutional due process. *Christian Sci. Bd. of Directors of*

*First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *Du Daobin v. Cisco*

*Sys., Inc.*, 2 F.Supp.3d 717, 722 (D.Md. 2014). Maryland's long-arm statute permits "the exercise

of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth

Amendment," thus the "statutory inquiry merges with the constitutional inquiry." *Dring v.*

*Sullivan*, 423 F.Supp.2d 540, 544 (D.Md. 2006) (quoting *Carefirst*, 334 F.3d at 396–97).

Pursuant to due process, the Court may exercise jurisdiction over nonresident Defendant if

he "has 'minimum contacts' with the forum, such that requiring [Defendant] to defend [his]

interests in that state 'does not offend traditional notions of fair play and substantial justice." *Du*

*Daobin*, 2 F.Supp.3d at 722 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"[T]he Due Process Clause 'does not contemplate that a state may make binding a judgment *in*

4

*personam* against an individual . . . with which the state has no contacts, ties, or relations.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (quoting *Int'l Shoe Co.*, 326 U.S. at 319). "[I]t is essential . . . that there be some act by which [Defendant] purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe Co.*, 326 U.S. at 319).

As explained above, the Court uses a liberal pleading standard and construes Defendant's pleading as seeking dismissal for lack of personal jurisdiction. Plaintiffs (who are represented by counsel) and Defendant were then instructed to "brief the issues of both jurisdiction and venue regarding the filing of this case in the District of Maryland." ECF No. 18. Plaintiffs failed to brief the issue of venue in its entirety and only argued that personal jurisdiction is proper because Defendant consented to jurisdiction by failing to raise a challenge in his responsive pleading. ECF No. 19 at 3. However, Defendant challenges personal jurisdiction in his Answer, despite not using the correct legal terminology; this is in part why the Court requested additional briefing.

Plaintiffs have offered no facts to show that Defendant had "such minimum contacts" with Maryland to be subject then to this Court's exercise of personal jurisdiction. *See Int'l Shoe Co.*, 326 U.S. at 319. They have not identified any act by Defendant to purposefully avail himself of conducting activities in Maryland. *See Hanson*, 357 U.S. at 253. They have not even identified any overlap between Defendant and the forum State at all. Indeed, this action's only apparent connection to Maryland is that Plaintiff Blagodarskiy contends that he was unable to purchase a nightclub in Baltimore, Maryland as a result of Defendant's actions.[3] However, this allegation,

---

[3] Because dismissal is warranted based on personal jurisdiction and because Defendant's Answer and briefing do not assert arguments that clearly invoke venue, the Court will not decide whether venue is proper. However, it does take note that Plaintiffs have likely also failed to show the

even if true, fails to show any contacts or purposeful availment of Maryland by Defendant. Because

Plaintiffs offer no facts to support an exercise of jurisdiction, the Court must dismiss this action

for lack of personal jurisdiction.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that Plaintiffs have

not plead sufficient facts to demonstrate Defendant's minimum contacts with the forum state thus

making him subject to this Court's exercise of personal jurisdiction. This case is hereby

DISMISSED. The Clerk shall transmit copies of the foregoing Memorandum Opinion and Order

to counsel of record and CLOSE the case.

Date: _22 November 2021_

A. David Copperthite
United States Magistrate Judge

---

District of Maryland is a proper venue. Plaintiffs were asked to brief the issue of venue and failed to do so. While the burden is on Defendant to assert an objection to venue, the Court may *sua sponte* consider whether venue transfer is appropriate. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986); *Hutton v. Doe*, No. 5:19-CV-02284-JMC, 2019 WL 4643583, at *2 (D.S.C. Sept. 24, 2019). When venue is challenged, the burden lies with Plaintiffs to establish venue is proper. *Apr. Ademiluyi v. Nat'l Bar Ass'n*, No. GJH-15-02947, 2016 WL 4705536, at *2 (D.Md. Sept. 8, 2016). With no argument in the briefing on venue, Plaintiffs have failed to meet their burden.